**Robert G. POSENJAK, Plaintiff— Appellant,**

v.

**DEPARTMENT OF FISH & WILDLIFE OF THE STATE OF WASHINGTON; Ralph Downes, Fish and Wildlife Officer; Jeff Koenings, Director of Washington State Department of Fish and Wildlife; Mike Shelton, Island County Commissioner; Ken Hageman, State Park Ranger; Island County, Defendants—Appellees.**

**No. 02–35737.**

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Aug. 8, 2003.*

Decided Aug. 20, 2003.

Before: BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Robert Posenjak alleges that the defendants violated his rights under the Point

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Elliott Treaty, Jan. 22, 1855, 12 Stat. 927.[1] Noting that a grant of summary judgment may be upheld on any basis supported by the record, *Downs v. Los Angeles Unified Sch. Dist.,* 228 F.3d 1003, 1005 (9th Cir. 2000), we affirm.

■ Posenjak's claims depend on his membership in the Snoqualmoo Tribe.[2] The Snoqualmoo Tribe may have rights under the Point Elliott Treaty if its members are "descended" from treaty signatories, and if it has "maintained an organized tribal structure." *United States v. Washington,* 641 F.2d 1368, 1372 (9th Cir.1981). "For this purpose, tribal status is preserved if some defining characteristic of the original tribe persists in an evolving tribal community." *Id.* at 1372–73.

■ At the time summary judgment was granted to the Washington State Department of Fish and Wildlife ("Fish & Wildlife"), Fish & Wildlife Director Jeff Koenings, Fish & Wildlife Officer Ralph Downes, and Washington State Park Ranger Ken Hageman, the record contained very few allegations relevant to whether the Snoqualmoo Tribe has "maintained an organized tribal structure" since the time of the Point Elliott Treaty.[3]

Those allegations that it did contain were too conclusory and too vague to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We therefore affirm summary judgment for Fish & Wildlife, Koenings, Downes, and Hageman, on the ground that Posenjak failed to plead facts sufficient to establish that the Snoqualmoo Tribe has rights under the Point Elliott Treaty.[4]

■ Before the district court granted summary judgment to Island County and Island County Commissioner Mike Shelton, Posenjak supplemented the record with facts relating to the history of Snoqualmoo Tribe. However, Posenjak failed to allege any facts to support a claim that Shelton was involved in any violation of Posenjak's rights. Posenjak did allege that other Island County employees were involved in the incidents of September 4, 2001, but he did not allege either that the events on September 4, 2001 were a result of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Island County]'s officers," or

1. Posenjak also alleges that the defendants violated his federal constitutional rights. We have reviewed the record and find these allegations to be without merit.

2. Posenjak claims treaty rights as a member of the Snoqualmie Tribe as well, but such claims are foreclosed by *United States v. Washington,* 476 F.Supp. 1101, 1108–09, 1111 (W.D.Wash.1979) (holding Snoqualmie Tribe is not entitled to exercise treaty fishing rights), *aff'd* 641 F.2d 1368 (9th Cir.1981). Posenjak also claims treaty rights as an individual, but the Point Elliott Treaty reserves rights to tribes as communities, not to American Indians as individuals. *United States v. Washington,* 520 F.2d 676, 688 (9th Cir.1975).

3. The only allegations bearing on whether the Snoqualmoo Tribe has "maintained an orga-

nized tribal structure" were Posenjak's unelaborated claim that: "We [the Snoqualmoo Tribe] have adopted to this Society while retaining our Identity, Rights and beleifs. [sic]" Supplemental Excerpts of Record at 6; and his unelaborated claim that: "The Plaintiff, Snoqualmoo tribal members have Continually Hunted and Fished Indian Way (Law). [sic]" Supplemental Excerpts of Record at 37. Additionally, scattered through Posenjak's pleadings were assertions that Whidbey Island is a traditional Snoqualmoo fishing location.

4. Given our holding, we do not reach the question of whether Posenjak could properly establish treaty rights on behalf of the Snoqualmoo Tribe in a case such as this one, in which neither the Snoqualmoo Tribe, nor any of the tribes that are parties in *United States v. Washington,* are parties.

that Island County has "customs or policies that amount to deliberate indifference" and that those policies were "the moving force behind" a county employee's violations of Posenjak's rights. *Gibson v. County of Washoe*, 290 F.3d 1175, 1187, 1194 (9th Cir.2002) (discussing liability under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). We therefore affirm summary judgment for both Shelton and Island County.

**AFFIRMED.**